## LINDAU v. SMULSKI.

(Court of Appeals of District of Columbia. Submitted March 14, 1922. Decided April 3, 1922.)

No. 1480.

Patents ☞91(4)—Facts held to show senior applicant had no right to make claim in issue.

Where the junior applicant was the first to conceive the invention for concrete slab construction, but was lacking in diligence, proof that the senior applicant, at a time when his application did not contain the counts in issue, had endeavored to obtain from the junior applicant the right to use the invention for the company represented by the senior applicant, and that on the failure of such endeavor he copied the two claims in interference into his application, *held* to show that the senior applicant had no right to make the claim in issue.

Appeal from the Commissioner of Patents.

Interference proceeding between Alfred E. Lindau and Edward Smulski. From the decision of the Commissioner of Patents, awarding priority to Smulski, Lindau appeals. Affirmed.

E. S. Clarkson, of Washington, D. C., and James A. Carr, of St. Louis, Mo., for appellant.

Thomas B. Booth, of Boston, Mass., for appellee.

ROBB, Associate Justice. Appeal from a decision of the Commissioner of Patents in an interference proceeding awarding priority to Smulski, on the ground that Lindau has no right to make the claims.

The invention relates to a reinforcement for concrete floor construction, and is expressed in two claims, of which the second is sufficiently illustrative, as follows:

"2. In a concrete slab construction, the combination with a supporting column of reinforcing members diverging from the axis of the column, each of said members having a reverse bend near the column and presenting a tension reinforcement portion near the upper surface of the slab, and a prolonged compression reinforcement portion near the lower surface of the slab."

Smulski was the first to conceive the invention, but, at the time Lindau filed his application in April of 1910, was lacking in diligence; his inactivity continuing until a short time prior to the filing of his application on January 8, 1913. This application containing the claims of the issue, ripened into a patent on September 21, 1915.

Prior to the granting of the Smulski patent his construction had been embodied in at least two structures. In October of 1915 there was published in the Engineering Record a full description of the Smulski system of reinforcement as embodied in the Youths' Companion Building at Boston, Mass., and at a meeting of the American Concrete Institute, Mr. Lindau being present, Smulski read a paper descriptive of his system, which later was published in the Engineering Record. In February of 1917 Lindau, with two other employees of the Corrugated Bar Company, Lindau's assignee, met Smulski in Chicago, and there

discussed with him, according to a letter subsequently written Smulski by Lindau, Smulski's "system of flat slab construction." According to Smulski, the purpose of this interview was to obtain from him, for the Corrugated Bar Company, the right to use his invention. Soon after it became apparent that these overtures on behalf of the Corrugated Bar Company would not be successful, Lindau, on October 14, 1917, copied the two claims of the issue from the Smulski patent for the purpose of this interference. Down to that time there was no claim in the Lindau application embracing this subject-matter. Smulski, as might have been expected, challenged Lindau's right to make the claims; his contention then and now being that Lindau's member *8* is not so located as to constitute "a prolonged compression reinforcement portion near the lower surface of the slab."

The Law Examiner ruled in favor of Lindau. On final hearing the Examiner of Interferences did not consider the question of Lindau's right to make the claims, as he felt himself bound by the action of the Law Examiner. The Examiners in Chief, while recognizing that Lindau had not mentioned in his application compression reinforcement, and that his method of reinforcement differed from that of Smulski, nevertheless were of the view that Lindau could make the claims. The Board said:

"It appears to be a fact that the reinforcement member *8* of Lindau is not shaped and located in a manner to effect most efficient reinforcement against compression stresses in the slab, but nevertheless we are of the opinion that as shown and described it serves inherently as a compression reinforcement to a substantial degree."

The Commissioner, however, appreciating that the claims were copied from the Smulski patent, the character of the claims, the circumstances under which the amendment carrying them was made, the meagerness of the Lindau specification and the actual and (as he conceived) material difference between the two structures, ruled that Lindau did not have the right to make the claims, and therefore awarded priority to Smulski.

This is a comparatively new art, and it is apparent that Smulski had a very definite object in mind when he devised the structure described in these two claims. That Lindau must have appreciated this is clear from what occurred, and yet it was not until after he had failed to obtain the benefits of the invention through other means that he asserted a right to make these claims. The fact that he then entertained a doubt about that right, that the claims were copied from the Smulski patent, and must therefore be read in the light of the Smulski specification, coupled with the other facts and circumstances to which we have alluded, and the inherent probabilities of the case, lead us to accept the conclusion and reasoning of the Commissioner.

The decision therefore must be affirmed.

Affirmed.